IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Grady Ashe,                                )  | |
|                               ) | Civil Action No. 8:07-192-RBH-BHH |
|              Plaintiff,      ) | |
| v.                                                 ) | **REPORT AND RECOMMENDATION** |
|                                                      ) | **OF MAGISTRATE JUDGE** |
| Sgt. Debello, Dorchester County ) | |
| Detention Center; CPL. Mathis,  ) | |
| Dorchester County Detention Center, ) | |
|            Defendant.   ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 22, 2007, seeking damages for alleged civil rights violations. On June 14, 2007, the defendants filed a motion for summary judgment. On June 15, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion. On June 9, 2007, the plaintiff filed his response.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-

moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### I.     Excessive Force Claim

The plaintiff contends that the defendants violated his constitutional protection to be free from cruel and unusual punishment, when they allegedly used excessive force against him. (Compl. at 4.) It is well established that the use of excessive force upon an inmate violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). Pretrial detainees, like the plaintiff, may state a similar claim pursuant to the Fourteenth Amendment.[1] *See Martin v. Gentile*, 849 F.2d 863, 870-71 (4th Cir. 1988). To state an excessive force claim, a detainee must show: (1) that the officers acted with a sufficiently culpable state of mind (subjective component), and (2) that the harm inflicted on the inmate was sufficiently serious (objective

---

[1] It appears that the plaintiff was a pretrial detainee as he had only recently been "booked" at the Dorchester County Detention Center at the time of the altercation. (Mot. Summ. J. at 1.)

3

component). *See Carr v. Deeds,* 453 F.3d 593, 605-06 (4th Cir. 2006); *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996). The subjective component requires the detainee to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The objective component requires the detainee to prove that the use of force was more than *de minimis* or, in the alternative, that it was repugnant to the conscience of mankind. *Id*. at 9-10. *De minimis* injury can be conclusive evidence that the force used was also *de minimis* and, therefore, not violative of constitutional protections. *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir.1994).

The plaintiff contends that he suffered cruel and unusual punishment when the defendants sprayed him with chemical munitions. Specifically, the plaintiff alleges that he questioned the defendants decision to cut short an outdoor recreation period. (Compl. at 3.) The plaintiff admits to quibbling with an Officer Elmore concerning the abbreviated break and demanding an explanation from Defendant Mathis before returning to his cell. *Id*. The plaintiff concedes that he continued to debate the issue with Defendant Mathis and eventually with Defendant Debello, who arrived later, even at his cell. *Id*. at 3-4. The plaintiff then alleges that Debello shoved the plaintiff into his cell and that Mathis began spraying him and his roommate with chemical munitions. *Id*. at 4. The plaintiff contends

that after being sprayed, he was not allowed to be treated by the nurse and that three days later, welts developed on his face, lips, and mouth. *Id*.

The defendants add to the account that Defendant Debello attempted to physically move the plaintiff into his cell, at which time, the plaintiff attempted to grab and shove Debello back. (Debello Aff. ¶ 4.) The defendants contend that it was this altercation that led to the use of pepper spray. *Id*. ¶ 5. Defendant Debello himself was hit with the spray. *Id*.

As the Fourth Circuit has held, the United States Constitution permits small quantities of pepper spray, or mace, to be used to control recalcitrant inmates. *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). The plaintiff readily admits that he questioned three different officers concerning his break period. (See Compl.) While the plaintiff should feel free to respectfully inquire about such matters, he was not entitled to any specific explanation from the defendants whatsoever. He certainly was not entitled to resist compliance until such time as he had received an explanation to his liking.

It is the testimony of the defendants, consistent with the plaintiff's own admissions, that, when Defendant Debello arrived, the plaintiff was still refusing the orders of Defendant Mathis to enter his cell. (Debello Aff. ¶ 2; Taylor Aff. Attach.) Moreover, the plaintiff, in neither his Complaint nor his response to summary judgment, ever denies pushing or grabbing Defendant Debello as alleged by the defendants. Instead, he attempts to argue inconsistences between the accounts of the various officers as to the

specific manner in which Debello tried to physically move the plaintiff into the cell - to wit, "grab," "hit," and "shove." (Pl. Resp. at 2.) The plaintiff suggests that these inconsistencies create issues of fact as to "*how* Mr. Ashe made contact with Sgt. Debell [sic] . . . ." (Pl. Resp. at 3 (emphasis added).) The plaintiff further argues that these accounts are simply proof that Debello initiated physical contact with him.

First, the Court has reviewed the accounts and there are no material inconsistencies from which a reasonable jury could conclude that a physical altercation did not occur in essentially the manner as described by the defendants. (Taylor Aff. Attachs.) Second, Debello was entitled to initiate contact with the plaintiff who had repeatedly refused to cooperate. *See Hudson*, 503 U.S. at 6; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Lastly, the plaintiff has not produced any evidence, including his own testimony, that he did not in fact return physical force in response to Debello's efforts to move him into the cell. The only evidence before the Court is that he did, in fact, so respond. (Debello Aff. ¶ 4; Taylor Aff. Attachs.) Any discrepancy as to "how" he might have engaged Debello (Pl. Resp. at 3) is of no real consequence. To the extent there was any physical response, in conjunction with his failure to cooperate, there existed substantial justification for the use of the spray. The plaintiff has not denied physically responding to Debello.

There is no question but that plaintiff was being recalcitrant in his actions and that the use of chemical munitions was justified. *See Williams*, 77 F.3d at 763. There is

nothing in the record which suggests that the defendants acted maliciously and sadistically. Here, there was a need for a use of force because the plaintiff had been arguing with defendants about the denial of recreation time and had refused direct orders to enter his cell. Further, there is evidence that the plaintiff resisted the defendants with force. Accordingly, the plaintiff has not presented a question of material fact as to his claim.

The plaintiff's excessive force claim should also fail because he suffered no more than a *de minimis* injury, if he suffered any injury at all. Absent the most extraordinary circumstances, an inmate must provide proof of more than *de minimis* injury. *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994). The Fourth Circuit has insisted that "[*d*]*e minimis* injury can serve as conclusive evidence that *de minimis* force was used." *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir. 1997).

Here, the plaintiff contends that he developed welts over his face, lips, and mouth from the chemical munitions, three days after the incident. The plaintiff, however, has created no genuine issue of fact as to this allegation. First, the undisputed medical evidence shows that the plaintiff had no such "welts" on his face during two medical examinations on January 9 and January 10, 2007, almost two weeks after the altercation. (Jones Aff. ¶ 3.) Second, the plaintiff did not complain about welts and inflamation on his face, until he was seen on January 15, 2007. *Id*. ¶ 4 & Attachs. At that time, the "welts" were diagnosed as cold and fever blisters, symptomatic of his flu, and not related to the

7

macing, three weeks prior. *Id*. The plaintiff has submitted no evidence contradicting this diagnosis.

Accordingly, the plaintiff cannot establish the objective component of his excessive force claim that he suffered a serious injury.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment [Doc. 15] be GRANTED. The defendant's request that this lawsuit be counted as a strike against the plaintiff is DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 15, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).